

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00232-CR
_____

KEITH BECHURN TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 49013-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

On December 5, 2019, Keith Bechurn Taylor pled guilty to family violence assault with a previous conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.). The trial court deferred a finding of guilt and placed Taylor on community supervision. On November 13, 2023, the trial court adjudicated Taylor guilty of that offense. Taylor was sentenced to five years' confinement. Taylor appeals.

Taylor's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 28, 2024, counsel mailed copies of the following to Taylor: (1) her *Anders* brief, (2) her motion to withdraw, and (3) a motion for pro se access to the appellate record lacking only Taylor's signature and the date. Counsel also advised Taylor that he had until June 12 to mail the motion for pro se access back to this Court. On May 28, this Court advised Taylor that his pro se motion for access to the record was "due on or before **Thursday, June 13, 2024**." We did not receive that pro se motion. On June 25, 2024, we notified Taylor that the case had been

2

set for submission on July 16, 2024. We received neither a pro se response from Taylor nor a motion requesting an extension of time in which to file such a response. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We have also reviewed the certified bill of costs with total costs of $379.00. "Only statutorily authorized court costs may be assessed against a criminal defendant . . . ." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 103.002). On appeal, "we review the assessment of court costs . . . to determine if there is a basis for the cost." *Id.* at 390.

Of the $379.00 amount, the $25.00 "DC-Time Payment Fee" is not authorized. The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

We strike "DC - Time Payment Fee" of $25.00 from the bill of costs. We also modify the judgment adjudicating guilt by changing "<u>Court Costs:</u> $379.00" to "<u>Court Costs:</u> $354.00." As modified, we affirm the trial court's judgment.[1]

Scott E. Stevens
Chief Justice

Date Submitted:      July 16, 2024
Date Decided:      September 5, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.